IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHMUEL RENNERT, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DEVORAH R. RENNERT, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 0390 |
| v. | ) ) | Judge Virginia M. Kendall |
| GREAT DANE TRAILERS, INC., A CORPORATION, and GREAT DANE LIMITED PARTNERSHIP, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Shmuel Rennert ("Rennert"), individually and as personal representative of the Estate of Devorah R. Rennert, brings a one-count strict products liability action under Illinois law against Defendant Great Dane Limited Partnership and Great Dane Trailers, Inc.[1] ("Great Dane") alleging that Great Dane designed, manufactured, and sold a defective trailer and rear impact guard that caused Rennert's wife's death when the van they were riding in collided with Great Dane's trailer. Great Dane moved to dismiss Rennert's Second Complaint at Law for failure to state a claim under Rule 12(b)(6). For the reasons stated herein, Rennert's claim is dismissed with prejudice.

---

[1] This motion is brought by Great Dane Limited Partnership only as Rennert voluntarily dismissed Great Dane Trailers, Inc. with prejudice.

1

## BACKGROUND

### The Parties and Procedural History

Rennert is a resident of Wisconsin. Great Dane's members are citizens of Illinois, Colorado, and California. Rennert originally filed this action in the Circuit Court of Cook County but the case was removed to this Court pursuant to 28 U.S.C. § 1441(a). This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a).

### Rennert's Allegations

On July 1, 2005, Rennert was driving a 1997 Chevrolet Astro van southbound on Skokie Valley Road near its intersection with Half Day Road in Highland Park, Illinois. 2d Compl. ¶ 6. His wife, Devorah Rennert, was in the front passenger seat. *Id*. ¶ 8. Rodney Getzlorr was driving a tractor with an attached trailer in the southbound lane of Skokie Valley Road directly in front of the Rennerts. *Id*. ¶ 7. The trailer attached to Getzlorr's tractor was designed, manufactured, and sold by Great Dane. *Id*. ¶ 4. An accident occurred and Rennert's van struck the rear of the trailer injuring Rennert and killing Devorah Rennert. *Id.* ¶¶ 4, 9.

During the collision, the underride guard of the Great Dane trailer failed causing intrusion of the trailer into the passenger-side occupant space of the van. *Id.* ¶ 10. Rennert alleges that the trailer and its underride guard were in an unreasonably dangerous condition because: (1) the design of the guard was too weak to prevent intrusion into the occupant space of a rear-ending vehicle in a reasonably foreseeable rear impact; and (2) the guard was too high above the road surface to permit a rear-ending vehicle frame to properly engage it during a reasonably foreseeable rear impact. *Id.* ¶ 16. Rennert also contends that: (1) the occurrence of an impact of this nature was reasonably foreseeable to Great Dane; (2) it was feasible for Great Dane to provide an underride guard that would absorb crash energy, prevent excessive underride,

and prevent the loss of life in this scenario; and (3) any benefits of the design of the trailer and its guard do not outweigh the risks of danger inherent in the design. *Id.* ¶¶ 11, 13, 15.

**DISCUSSION**

When considering a motion under Rule 12(b)(6), a court must take as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). The plaintiff need not allege all of the facts involved in the claim. *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The claim though must be supported with enough facts, taken as true, that plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

**Illinois law governs the dispute between the parties**

The parties do not dispute that Illinois law governs this case. In order to determine what state's law applies to Rennert's cause of action a Court sitting in diversit applies the choice-of-law principles of the state in which it sits. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Illinois uses the "most significant relationship" approach of the Restatement (Second) of Conflicts of Law. *Esser v. McIntyre*, 661 N.E.2d 1138, 1141 (Ill. 1996). In applying this test, the Court weighs four factors: (1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered. *Id.* Rennert is domiciled in Wisconsin. For the purposes of diversity jurisdiction, a limited partnership is a citizen of the states of each of its constituent members and Great Dane's members are citizens of Illinois, Colorado, and California. Generally, the law of the place of injury controls unless some other jurisdiction has a more significant relationship with the occurrence and with the parties. *Id.* The Rennert's injury occurred in Illinois, and

therefore, the Court decides the instant motion under Illinois law. As a court sitting in diversity, this Court is required to apply Illinois law and try to "predict how the Illinois Supreme Court would decide the issues presented here." *Allen v. Transamerica Insurance Co.*, 128 F.3d 462, 466 (7th Cir. 1997).

### Rennert's strict liability claim against Great Dane

Rennert asserts only one claim in his Second Complaint - a claim of strict liability against the manufacturer of the trailer with which he collided. Great Dane moves to dismiss this claim asserting that Illinois law does not permit such an action pursuant to the Illinois Supreme Court's decision in *Mieher v. Brown* and the Illinois Appellate Court's decision in *Beattie v. Lindelof*. *See Mieher*, 301 N.E. 2d 307, 310 (Ill. 1973); *Beattie*, 633 N.E.2d 1227, 1233 (Ill.App.Ct. 1994). Illinois Courts have drawn a sharp distinction between a suit against a manufacturer by occupants of its vehicle and a suit against a manufacturer by occupants of another vehicle. *Mieher,* 301 N.E.2d at 307 (truck manufacturers have no duty to design the rear end of their trucks for the purpose of making them safe for occupants of other vehicles that collide into them.); *see also Beattie*, 633 N.E. 2d at 1233 ("There could be no question that the manufacturer owed a duty to the user of a vehicle," but in contrast, "the decedent here was a person who collided into the vehicle rather than an occupant or an attempted rescuer of an occupant and the holding of *Mieher* is clear that no duties are owed to such persons."); *but see Buehler v. Whalen*, 374 N.E.2d 460 (Ill. 1977)(manufacturers owe a duty to the occupants of their vehicles to protect them in the event of a rear-end collision).

The Illinois Supreme Court in *Mieher v. Brown* refused to impose a duty on truck manufacturers to design the rear end of their trucks for the purpose of making them safe for occupants of other vehicles that collide into them. 301 N.E.2d at 307. In *Mieher*, the plaintiff's

4

decedent was killed when her car collided into a truck manufactured by the defendant and the truck's bed penetrated the windshield of the car. *Id*. at 307, 310. The plaintiff alleged the that truck manufacturer was negligent because the absence of a bumper, shield, or fender on the rear end of the truck allowed the decedent's vehicle to underride the rear of the truck upon collision. *Id*. at 308. The plaintiff also sued the manufacturer under the doctrine of strict liability. The Circuit Court dismissed the action but the Appellate Court reversed reasoning that truck manufacturers could foresee rear impacts, and therefore, their duty of care should extend not only to the users of the trucks they manufactured but also to non-users who were passengers in vehicles that collide into their trucks. *See Mieher v. Brown*, 278 N.E.2d 869, 877 (1st Dist. 1972). The Illinois Supreme Court reversed and affirmed the Circuit Court's dismissal. *Mieher*, 301 N.E.2d at 310.

The predominant issue in *Mieher* was whether the defendant and the decedent stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the decedent. *Id.* The Court distinguished the duty owed by a vehicle manufacturer to occupants of its vehicle from the duty owed by a vehicle manufacturer to occupants of another vehicle that crashes into the manufacturer's vehicle, and declined to impose a duty on a truck manufacturer to design the rear end of its trucks so that the drivers of other vehicles could safely collide into them. *Id*. at 309-310. The controlling considerations are whether it appears to the Court to be "highly extraordinary" that the defendant's conduct should have brought about the harm and whether the defendant has created an unreasonable risk of injury or an unreasonable danger. *Id.* The Court applied that test to the *Mieher* facts and concluded that "in retrospect almost nothing is entirely unforeseeable" and found that while the injury complained of may have been, "in a sense, foreseeable," the alleged

5

design defect did not create an unreasonable danger or risk of injury. *Id.* at 309. It further stated that public policy and social requirements do not require that a duty be placed upon a manufacturer of a truck to design its vehicles so as to prevent injuries from "the extraordinary occurrences of this case." *Id.* Rennert correctly points out that the *Mieher* decision addressed a negligence cause of action; not the precise issue in this case which is whether Rennert may bring a strict liability claim against the manufacturer of the trailer with which he collided. Since the Illinois Supreme Court has not directly addressed this issue[2], decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently." *Allen*, 128 F.3d at 466.

The Illinois Appellate Court has spoken on the issue of whether a plaintiff may plead a strict liability count against prior owners of a truck with which the plaintiff collided in *Beattie v. Lindelof*. In *Beattie*, the decedent's car collided into the rear of a truck and proceeded unimpeded under the trailer's bed until the bed penetrated the decedent's car. *Beattie v. Lindelof,* 633 N.E.2d 1227, 1235 (Ill. App. Ct. 1994). The *Beattie* case concerned a strict products liability claim against the manufacturer, the distributor, and prior purchasers of the truck. *Id.* at 1230-1232. Count II alleged strict products liability against the manufacturer and each successive owner of the truck and pleaded that the truck was defective because it did not have a "substantially constructed and firmly attached" rear end protection device as required by the Federal Interstate Commerce Commissions' Regulations. *Id.* at 1231; citing 49 C.F.R. § 393.86(e). Count III alleged negligence against the same defendants. *Id.* The prior purchasers

---

[2] The amended complaint had been considered by both parties int eh trial court and in the appellate court as being based on the theory of strict liability. However, the appellate court held that the amended complaint failed to state a cause of action on the theory of strict liability in that it did not allege that the truck was in the same condition when it left the possession of the defendant as it was at the time of the accident which caused decedent's death. As a result, the *Mieher* Court examined the amended complaint as one based on common-law negligence and did not reach the issue of whether a strict liability cause of action exists under Illinois law. *Id.* at 308.

moved to dismiss the negligence and strict liability claims on the grounds that no duty exists to maintain a vehicle with which it is safe to collide pursuant to the Illinois Supreme Court's decision in *Mieher v. Brown* and the Circuit Court granted their motion. *Id.* at 1231. The manufacturer was not a part of the appeal.[3] *Id*.

On appeal, the First District upheld the Circuit Court's dismissal of the negligence action against the prior owners on the basis that the negligence allegation was effectively the same as the plaintiff's allegations in *Mieher* and "if no common law duty exists to design a vehicle with which it is safe to collide, then so such duty could exist to maintain one either." *Id*. at 1232-33. Although the *Beattie* plaintiffs attempted to establish such a duty via the federal regulations, specifically 49 C.R.F. §393.86(e), the Court held that the administrative mandate imposed no duty upon the prior owners because the regulation applied only to employers and employees who operate commercial vehicles. *Id.* The Court also rejected the plaintiff's argument that dismissal was erroneous because each subsequent sale was an isolated sale and that the intermediate owners may have created the defect by causing damage to the rear end protective device holding that:

> "allowing [plaintiff] to plead a strict liability count when under *Mieher* she cannot plead negligence, she avoids the impact of that precedent. If, as *Mieher* held, the risks to a person colliding with a vehicle are unforeseeable as a matter of law, then no cause of action should exist under either negligence or strict liability." *Id*. at 1235.

Although the *Mieher* Court did not address the strict liability count because it agreed with the appellate court that the plaintiff had failed to sufficiently allege such a cause of action,

---

[3] In recounting the underlying court's decision, the Illinois Appellate Court stated that the Circuit Court refused to dismiss counts II and III against the manufacturer. *Id.* at 1231-1232. .

7

the First District believed that "the court would have reached the same conclusion for strict liability claims as it did with negligence claims." *Id.* As such, the *Beattie* Court affirmed the dismissal of the strict liability claims as to the prior owners of the truck.[4] *Id.*

The facts of this case are similar to the facts in *Mieher* and *Beattie*. Rennert's cause of action is premised upon a design defect on the rear end of Great Dane's trailer that allowed the Rennert's vehicle to underride the rear of the trailer upon collision. As in *Mieher* and *Beattie*, Rennert was not the occupant of Great Dane's trailer, but the occupant of another vehicle that collided into it. Accordingly, the facts of this case are similar to those of *Mieher* and *Beattie* such that Rennert cannot escape their precedent.

Rennert urges this Court to ignore the *Beattie* decision because the manufacturer was not a party to the appeal, but the *Beattie* decision did not solely rest upon the relationship between the plaintiffs and the prior owners, but rather upon the Court's conclusion that the type of injury was unforeseeable as a matter of law. *Beattie*, 633 N.E. 2d at 1235. Additionally, Rennert's argument that his wife was a bystander, and therefore has a valid strict liability claim, is also flawed in light of the Illinois Supreme Court's decision in *Winnett v. Winnett*. 310 N.E.2d 1, 10-12 (Ill. 1974). There, the Court elaborated upon the distinction between a "user" of a product and a "bystander," with respect to who is entitled to the protections of strict products liability. *Id.* Rather than adhere to a rigid categorization of plaintiffs as users or bystanders, the Court held that whether a plaintiff is entitled to the protections of strict products liability "depends upon

---

[4] In *Beattie*, the prior purchasers moved to dismiss the negligence and strict liability claims on the grounds that no duty exists to maintain a vehicle with which it is safe to collide pursuant to the Illinois Supreme Court's decision in *Mieher v. Brown* and the Circuit Court granted their motion. *Id.* at 1231. In recounting the underlying court's decision, the First District stated that the Circuit Court refused to dismiss counts II and III against the manufacturer and stated that the negligence counts "are in strictly on the basis of the federal regulation." *Id.* at 1231-1232. The manufacturer was not a part of the appeal. *Id.*

8

whether it can fairly be said that [the plaintiff's] conduct . . . was reasonably foreseeable." *Id.* at 12. Rennert is bound by the Illinois Supreme Court's decision that the risks to a person colliding with a vehicle are unforeseeable and design defects like the defect alleged in this case do not create an unreasonable danger or unreasonable risk of injury. *Mieher*, 301 N.E. 2d at 310. The Illinois Supreme Court has concluded that public policy and social requirements do not require that a duty be placed upon a manufacturer of a truck to design its vehicles so as to prevent injuries from "the extraordinary occurrences of this case." *Id.*

Rennert urges this Court to ignore the *Mieher* decision because rear-end collisions are foreseeable, and thus, not highly extraordinary and cites to numerous decisions from other states to support his position. Pl.'s Resp., p. 10 (citing *Nanda v. Ford Motor Co.*, 509 F.2d 213 (7th Cir. 1974)).[5] There is no question that Illinois appears to stand apart from the other jurisdictions; yet, this Court is required to apply Illinois law and the *Mieher* Court has spoken on the foreseeability of injuries to occupants of vehicles that collide into a manufacturer's vehicle. Rennert has not persuaded this Court that *Mieher*'s effect is limited by subsequent decisions. On the contrary, the *Beattie* Court rejected the plaintiff's argument that the *Buehler v. Whalen* decision limited *Mieher*'s effect. *Beattie*, 633 N.E. 2d at 1233. In *Buehler*, the Illinois Supreme Court held that rear-end collisions were frequent, and therefore, the risk of fire spreading into the passenger compartment due to defective design of the gas tank was foreseeable. *Id;* citing *Buehler*,. 374 N.E.2d 460 (Ill. 1977). The Illinois Appellate Court summarily rejected the *Beattie* plaintiff's argument that *Buehler* authorized a cause of action against a prior owner even though the plaintiff was an occupant of another vehicle, stating:

---

[5] Moreover, *Nanda* is distinguishable because the *Nanda* plaintiff was the occupant of the defendant-manufacturer's vehicle and not the occupant of a vehicle with which it collided. *Id.*

9

> "While we agree that *Buehler* stands for the proposition that rear-end collisions are common, we cannot agree that *Buehler* authorizes a cause of action such as the one here." *Id.*

The Court explained that in *Buehler*, the plaintiffs were the occupants of the manufacturer's vehicle distinguishing their cause of action from the *Beattie* plaintiffs who were occupants of a vehicle that collided into the manufacturer's vehicle. *Id.*

Finally, Rennert's brief cites federal regulations originally enacted in 1996 that specify the requirements for rear impact guards for trailers and semitrailers. However, Rennert has not pled that Great Dane's trailers did not comply with FMVSS 233 and 234 and has not persuaded this Court that the existence of the safety standards would have changed the outcome in *Mieher* or *Beattie*.

Rennert admits that Illinois stands as an "outlier" from other courts across the country, but that alone is insufficient to escape the precedent of *Mieher* and *Beattie*'s; nor has Rennert persuaded this Court that the Illinois Supreme Court would have decided *Beattie* differently. For the aforementioned reasons, Rennert's claim against Great Dane is dismissed with prejudice pursuant to Rule 12(b)(6).

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:   July 20, 2007